## J. H. BROWN ET AL. v. JENNIE & S. H. BACON.

### (Case No. 5203.)

1. CHARGE OF COURT.— When, in a suit to recover damages, evidence proper to be considered under the prayer for exemplary damages was introduced, without objection, and afterwards the court charged the jury, excluding from their consideration the question of exemplary damages, the failure of the court of its own accord to instruct the jury not to consider the evidence thus admitted is not ground for reversal.

2. CONFUSION OF CHATTELS.— The doctrine of confusion of chattels is extended no further than necessity requires; there must be a wilful or wrongful intention to invade the rights of another to authorize the consequences of forfeiture resulting from a confusion of goods owned by two persons.

3. EXECUTION — SEPARATE PROPERTY — LEVY.— One having control of an execution against the husband, and desiring to subject goods of the husband, subject to levy, in a house containing other goods not subject, which are the separate property of the wife, and being unable to discriminate, may levy on the interest of the husband, in analogy to the remedy given under execution against a member of a copartnership for his individual debt, and the mode of proceeding indicated in Rogers v. Nichols, 20 Tex., 719–724.

APPEAL from Johnson.   Tried below before the Hon. Jo Abbott.

Suit by Mrs. Jennie Bacon, joined by her husband, S. H. Bacon, against the appellants.   In her petition she claimed that appellants, on the 28th day of September, 1882, seized and carried away a stock of millinery, which was her separate property, and broke open her private residence and levied upon the same therein; that the goods were being used by her in carrying on a business in her own name; that they were seized by appellant John D. Mitchell as constable of Johnson county, and that he acted by virtue of an execution issued out of the district court of that county, in favor of the other appellant, Joseph H. Brown; that the trespass was malicious, etc., thereby compelling the said Jennie Bacon to suspend her business. She claimed that, in seizing her goods, her husband was arrested, etc.   Then follows a prayer for $627 actual damages, and the further sum of $50 per month from date of levy, and for $5,000 exemplary damages.

The appellants answered by general demurrer and general denial. Joseph H. Brown answered further, by special plea, that on the 30th day of May, 1882, he recovered a judgment in the district court of Johnson county, Texas, against said S. H. Bacon, for the sum of $746.87, and costs; that the judgment was never appealed from, etc.; that on the —— day of September, 1882, he had an execution issued thereon and had the same levied upon the property described in the return on the execution; that at that time, and long anterior thereto,

S. H. Bacon and said Jennie Bacon were husband and wife, and that the goods levied upon were at that time the community property of said S. H. Bacon and Jennie Bacon; that they were acquired by plaintiffs while living in Texas and during the marital relation; that they were not in whole nor in part acquired by Jennie Bacon by gift, devise or descent, etc.; that the goods were situated at the time of levy in a public house, and not in a private dwelling; that the constable had access to the house; that he entered same and commenced the levy upon the goods; that thereafter plaintiffs fraudulently enticed the constable out of the house and locked the same to prevent the levy; that thus it became necessary to break the house to regain possession of goods, and to complete the levy; that plaintiffs were estopped, etc.; that before making the levy, one D. S. Ross, agent of defendant Brown, went to the firm of Brown & Ramsey, attorneys for defendant, and laid before them all of the facts within his knowledge about the goods; that the same were purchased during the residence of plaintiffs in Cleburne, Texas, and that many of them had been purchased on a credit; that Jennie Bacon had been conducting a mercantile business in Cleburne for eighteen months,— buying many goods on a credit and paying for them with proceeds of daily sales; that all of these facts were told said attorneys in good faith before the levy of execution; that thereupon the attorneys advised said Ross that the goods were subject to the debts of S. H. Bacon, and subject to seizure under the execution; that the execution was levied without any intent to injure plaintiffs, but in good faith, believing the goods to be the community property of plaintiffs.

Verdict and judgment for plaintiffs for the value of the goods, to wit, the sum of $686.58, the question of exemplary damages being withdrawn from the jury by the court.

*Brown, Ramsey & Crane,* for appellants, on failure to withdraw from jury evidence touching exemplary damages, cited: Love v. Robertson, 7 Tex., 6; Huston v. Curl, 8 Tex., 239; Rose v. Houston, 11 Tex., 324; Chapman v. Allen, 15 Tex., 284; 16 Tex., 314; 21 Tex., 31; Story v. Marshall, 24 Tex., 305; Smith v. Strahan, 25 Tex., 103; 28 Tex., 457; 39 Tex., 249; Schmeltz v. Garey, 49 Tex., 61.

That where there was confusion of the chattels of husband and wife, all were subject to execution against the husband, citing: Wilder v. Abernathy, 25 Am. Rep., 734; 54 Ala., 644; 6 Cush., 20; McClasky v. Savings Inst., 133 Mass., 300–305; 18 N. J. Eq., 480; 22 N. J. Eq., 614; 2 Am. Law Reg., 127; 107 Mass., 123.

*Poindexter & Paddleford* and *Smith & De Berry*, for appellees, that the wife's property was not subject to the levy, cited: Love *v.* Robinson, 7 Tex., 8; Huston *v.* Curl, 8 Tex., 239; McIntyre *v.* Chappell, 4 Tex., 187; Rose *v.* Houston, 11 Tex., 326; Montgomery *v.* Brown, White & Willson, secs. 1303–4.

They also cited: Ables *v.* Donley, 8 Tex., 321; Stroud *v.* Springfield, 28 Tex., 649; Mitchell *v.* Matson, 7 Tex., 4; Sims *v.* Chance, 7 Tex., 561; Cummins *v.* Rice, 19 Tex., 225; Patton *v.* Gregory, 21 Tex., 513; Montgomery *v.* Culton, 23 Tex., 156; Baldridge *v.* Gordon, 24 Tex., 288.

WALKER, P. J. COM. APP.— The court did not err in refusing to give defendants' special instruction to the effect that the jury should not consider any evidence tending to show that Mrs. Bacon lost her health by reason of the levy on her goods. The charge given by the court explicitly and distinctly presented to the jury the facts in the evidence on which they must consider the plaintiffs' claim for damages, and confined their inquiries on the subject to the damages, if any, resulting from "the conversion of a stock of millinery goods alleged to be the separate property of said Mrs. Jennie Bacon, and of the reasonable value of $627.02." The charge, in express terms, excluded from the jury the consideration of exemplary damages. See Austin City Water Co. *v.* Capital Ice Co., White & Willson Rep., sec. 1133, and authorities there cited.

The same reply is to be made to the fourth ground assigned as error, to the effect that the court erred in not withdrawing all evidence from the jury showing how plaintiffs' house was broken open. It does not appear by bill of exceptions, or otherwise, however, that the defendants asked the court to withdraw the evidence referred to from the jury. The evidence does not appear to have been objected to when it was introduced, and as the charge of the court had no tendency to mislead the jury in the application of the evidence, it is not perceived that the court erred in not withdrawing the evidence referred to from the jury of its own accord.

It is assigned as error that the court erred in refusing to give the second instruction to the jury asked for by the defendants. The charge of the court very fully and clearly embodied all the propositions of law asked to be given, and properly refused to repeat them.

It is further assigned that the court erred in refusing to give special charge No. 1, which was to the effect: "That all goods purchased on credit by the wife during coverture are in law deemed to be community property, and subject to her husband's debts; and

when the goods so purchased by her on a credit are by her so mixed with other goods purchased with her separate property as to render the same incapable of being distinguished and separated from them, then that the whole of said goods are subject to her husband's debts."

This instruction cannot be regarded, we think, as applicable to the case before the jury, as developed by the evidence. The evidence as to what goods had been purchased for cash and what on a credit is derived principally from the testimony of Mrs. Bacon. From that evidence, if credit be given to her statements, it is apparent that the goods levied on were not mixed with those which she stated had been bought by her on credit, but were goods which she had paid for. But, supposing that under the evidence it admitted of the hypothesis that her testimony was subject to be questioned on this point, and that it was admissible for the jury to infer from the circumstances that a portion of the goods had not been paid for, still she would not have been subjected to a rule so rigorous as that which the instruction asked to be applied. The doctrine propounded is that which pertains to cases of confusion of goods. This is not such a case. The husband of Mrs. Bacon evidently sanctioned and recognized his wife's separate dealings with her individual means, and interposed no claim in his marital right and community interest, if he had it, to any of the goods, whether they were such as were paid for or not; nor did he seek to interfere with her undisputed control of her establishment in any way whatever. Plainly, he consented to her making purchases on any terms she pleased, without making claim to any right which he might have asserted to any accretion to the original stock as profits, or to any lot of goods bought on credit and which may not have been paid for. As between the husband and wife the facts do not present a case of a mixture of community goods and those owned by the wife as separate property. "The doctrine of confusion is extended no further than necessity requires." See Colwill v. Reeves, 2 Camp, 575. "If the owners of goods, incapable of being identified, mutually consent to intermix them, their consent makes them tenants in common." 2 Wait's Act. and Def., p. 240, and authorities there cited. "So, if the mixture was by accident, as by perils of the sea; or if made by mistake of an owner; or by the wrongful act of a stranger, the several parties become tenants in common." Id., and cases there cited.

It seems that there must be a wilful or wrongful invasion of right in order to induce the condign consequences of forfeiture consequent

upon the confusion of goods owned by two persons. And even intentional and wilful mixture will not necessarily produce a change of ownership; as, where goods belonging to different individuals are wilfully mixed, without mutual consent. No change of ownership will take place if the goods can be easily distinguished and separated; as, where one person makes additions to steam machinery which belongs to another. 2 Wait's Act. & Def., 241; Alley *v.* Adams, 44 Ala., 609.

In this case the evidence nowhere indicated that the goods that were paid for could not be readily distinguished from those which had not been paid for. There would have been no propriety, if it had been otherwise unobjectionable, for the court to have given a charge which assumed the contrary.

Under any view which can fairly be taken of the evidence, Mrs. Bacon had a well defined and substantial interest in the stock of goods, shown by the evidence to have been paid for with her separate means, and if it were true that certain of the goods in the general stock were unpaid for and liable as community property for the debts of the husband, nevertheless, her separate interest in the goods certainly was not thus subject, and it is entitled to be protected. The extent to which the plaintiff in execution could have gone, according to the most favorable view of which the evidence is susceptible, was to have levied upon the interest in the goods which was owned by the community estate of herself and husband, in analogy to the remedy given under execution against a member of a copartnership for his individual debt, and the mode of proceeding indicated in Rogers *v.* Nichols, 20 Tex., 719, 724.

There are other assigned grounds of error relating to the charge of the court, but we will not enter upon a discussion of them. They do not, we think, present grounds for the reversal of the judgment.

The charge of the court as applied to the evidence was as favorable to the defendants as could well have been asked consistently with the law of the case, and contained no proposition calculated to mislead the jury to their injury. It may be, indeed, that in some points the charge, under the evidence and the case made by it for determination, was calculated to impress upon the minds of the jury a more stringent and exacting rule against the plaintiff, Mrs. Bacon, than was altogether and exactly correct. If so, the defendants cannot complain of it in such respects unless it was otherwise objectionable and misleading to their injury, which it was not.

The verdict of the jury was supported by sufficient evidence to entitle the plaintiffs to recover under the law applicable to their

rights in the premises, and there appearing no error for which the judgment ought to be reversed, we conclude that the same ought to be affirmed.

AFFIRMED.

[Opinion adopted February 6, 1885.]