MISSOURI, KANSAS & TEXAS RAILWAY OF TEXAS v. R. L. CORSE.

Decided April 6, 1907.

1. **Alighting from Car—Personal Injuries—Charge.**

In a suit for personal injuries received while alighting from a passenger train, the charge of the court and the charges given at the request of the defendant considered, and held not subject to the objection that the charge omitted a certain phase of contributory negligence relied on by defendant.

2.—**Same—Contributory Negligence—No Issue.**

In a suit for personal injuries received by a passenger while alighting from a train, when the undisputed evidence showed that no employee of defendant was present to whom the passenger could appeal for assistance in alighting, the mere fact that the passenger undertook to alight while carrying a grip and child, did not raise the issue of contributory negligence.

**3.—Health—Evidence.**

Evidence as to the occupations and pursuits of a wife before marriage is relevant and material as to her previous health and of her ability to discharge the duties of housewife.

**4.—Leading Question—Harmless.**

Testimony admitted in answer to a leading question is harmless when other testimony to the same effect is properly in the record.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*T. S. Miller* and *Smith & Wall,* for appellant.·

*Wolfe, Hare & Maxey,* for appellee.

RAINEY, Chief Justice.—This suit was brought by R. L. Corse, appellee, against the railway company, appellant, to recover damages for personal injuries alleged to have been received by his wife, while alighting as a passenger from one of appellant's trains at its depot at Denison. Defendant answered by general denial and contributory negligence, and specially by setting out the various acts in alighting from the train, constituting negligence on her part. A trial resulted in a verdict and judgment for appellee, from which this appeal is taken.

The appellant's first assignment of error complains of the sixth paragraph of the court's charge, which is as follows: "If you find and believe from the evidence that plaintiff's wife, in alighting from said train, failed to exercise ordinary care for her own safety, or if she was guilty of negligence, that is, if she failed to exercise such care to see where she was stepping and what she was stepping upon and whether or not there was a step or box for her to step upon, as an ordinarily prudent person would have exercised under the circumstances surrounding her, then you will find for the defendant, even though you should find that the defendant, its servants and employes were also guilty of negligence."

The contention of appellant is, in effect, that said paragraph limits the jury's consideration to Mrs. Corse's care in seeing where she was stepping and what she was stepping upon and whether or not there was a step for her to step upon, and thereby excluding her negligence in descending the step without holding to the banister or handhold and in endeavoring to alight therefrom with a heavy suitcase in one hand and a baby in the other arm.

In this connection the court gave two instructions requested by appellant as follows: "Gentlemen of the Jury: 12. If you believe from the evidence that the defendant's servants were not guilty of negligence in failing to assist Mrs. Corse from the train, you cannot find for the plaintiff, unless you believe that the platform or place for her to alight was not so lighted that a person of ordinary care could alight from the train at that place with reasonable safety and that Mrs. Corse's injuries were by such insufficient lighting, uncontributed to by any negligence on her part, and unless you further believe that such insufficient lighting was negligence on the part of the defendant." "Gentlemen of the Jury:

"13. In this case you are instructed that if you believe from the evidence that Mrs. Corse before stepping from the train in question, noticed the light was dim and stepped from the car without exercising such care as one of ordinary care, with such knowledge, under all the surrounding circumstances, would have done, then you will return a verdict for the defendant."

The charges given were as favorable to the appellant as the evidence warranted and the assignment is overruled.

The appellant complains of the refusal of the trial court to give special charges as follows: No. 2. "If you believe from the evidence in this case that Mrs. Corse was not guilty of negligence in failing to see that there was no step box at the step she was descending, yet, if you believe from the evidence that she was guilty of negligence which caused or contributed to cause her injury in attempting to alight from the train with a suit case in one hand and a baby in her arm or arms, you will return a verdict for the defendant."

No. 4. "If you believe from the evidence in this case that a person in the exercise of ordinary care, realizing that the light on the platform was dim and that no one was there to give assistance would not have undertaken, under all the surrounding circumstances, to have descended and alighted from the steps with a suit case in one hand and baby in the other arm, and that such action on the part of Mrs. Corse caused or contributed to cause her injury, then you will return a verdict for the defendant."

No. 6. "In this case, you are instructed that if you believe from the evidence that under all the surrounding circumstances a person of ordinary care, observing that the light was dim, and being encumbered with a grip in one hand and a child in the other arm, would have put the grip down on the platform of the car and caught to the railing of the car in descending the steps and alighting from the train, and that if plaintiff's wife had done so, she would not have been injured, you will return a verdict for the defendant."

The undisputed evidence shows that it was the duty of defendant's employes to assist passengers off the train; that no employe of the defendant made any effort to assist appellee's wife or relieve her of the necessity of carrying her grip and child or was even present so that a request to this effect might have been made by appellee's wife, and the mere fact that appellee's wife under these circumstances took her grip and child along at the time of leaving the train does not raise the issue of contributory negligence, and said requested charges numbers 2, 4 and 6 of appellant were therefore properly refused.

In the case of Chicago, R. I. & T. Ry. Co. v. Ames, 74 S. W. Rep., 79, where the facts are quite similar to this case, similar instructions were asked and refused, the Court of Civil Appeals, Second District, said: "There is no evidence, however, that the porter or other employe of the train made any effort to assist or relieve her of the necessity of taking her grip, or was even present, so that a request to this effect might be preferred. There was evidence tending to show that appellee's wife, prior to the injury, was in good health, and there is no evidence indicating that she was not of strength sufficient to easily carry her grip to the platform and steps of the car; and had

appellant's porter been there to have assisted her, as it was his duty to do, it is unlikely that the grip would have contributed to her injury. It seems to be extending the doctrine of contributory negligence to great lengths to say that the issue is raised by the mere fact that a passenger on a railway train concludes to take his or her grip along at the time of leaving the train rather than leave it behind. We know of no rule of law, and no rule on the part of appellant was shown, making it the duty of the operatives of passenger trains to remove therefrom valises and grips not of extraordinary size, so frequently carried by passengers. No reversible error was committed, therefore, in the rejection of special charges No. 2 and 3." A writ of error in the Ames case was refused by our Supreme Court. The assignment is overruled.

The court did not err in admitting testimony that Mrs. Corse before her marriage had taught a literary school and art school and clerked in a dry goods store. The objection to this testimony was that Mrs. Corse's occupation after her marriage was that of a housewife, and that proof of her vocations before marriage was immaterial and irrelevant and not a proper measure of damage. The value of Mrs. Corse's services as teacher and clerk was not shown, nor submitted as an element of damages. Appellee contends that such evidence was relevant and material as to the previous health of Mrs Corse, and of her ability to discharge the duties of housewife. We concur in this contention of appellee, and therefore overrule appellant's assignments.

There is no reversible error in the action of the court in admitting the testimony of Mrs. Clarinda Stanford to the effect that all of the passengers had not left the cars when Mrs. Corse fell. This testimony was given in answer to a leading question, but there was other evidence to the same effect, that had been previously given, which we think rendered the evidence objected to harmless. Besides, there was no issue raised by the pleading or evidence that Mrs. Corse remained in the car until the step box had been removed, or remained until all the passengers might reasonably have been supposed to have left the car, before attempting to alight.

It is complained that the verdict is excessive. The question of damages was fairly submitted to the jury, and we think the verdict was warranted by the evidence.

The evidence, we think, is sufficient to warrant a finding that the railroad was negligent in failing to have its depot grounds sufficiently lighted, in failing to furnish a stool or box on which to step in alighting, and in failing to assist appellee's wife in alighting; that she was not guilty of negligence which contributed to her injury and that she was damaged as claimed. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.