## Mrs. J. A. Thomason, Jr., et al. v. Tom Berwick.

### Decided October 30, 1908.

**1.—Trespass to Try Title—Heir—Innocent Purchaser.**

A subsequent purchaser of land with notice of an outstanding equity, but who acquires the title from a former purchaser who bought for value and without notice of such equity, can not be dispossessed by the holder of the equity in an action of trespass to try title.

**2.—Same—Burden of Proof.**

In an action of trespass to try title by an heir of a deceased wife to recover land from a remote vendee of the surviving husband, the heir has the burden of proving not only that the last purchaser had notice of his equity, but also that the land was not freed from such equity in the hands of any of the intermediate vendees.

**3.—Legal Title—Innocent Purchaser.**

One who purchases land from a surviving husband, the legal title being vested in him, for a valuable consideration and without notice of the death of the wife and the existence of heirs, can not be dispossessed in an action of trespass to try title by the heirs even though the land belonged to the separate estate of the deceased wife.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Stevens & Pickett* and *G. H. Pendarvis,* for appellants.—The defendants who were shown to claim title under the common source held the legal title, and the plaintiff was not entitled to recover against them

if they, or any of the persons under whom they held, were purchasers for value without notice of plaintiff's claim. Hill v. Moore, 62 Texas, 610; Edwards v. Brown, 68 Texas, 329; Patty v. Middleton, 82 Texas, 591; French v. Strumberg, 52 Texas, 92; Wallace v. Campbell, 54 Texas, 90; Sanburn v. Schuler, 3 Texas Civ. App., 629.

Proof of notice to J. A. Thomason of the plaintiff's claim to the land was not sufficient to entitle plaintiff to recover, because, if any of the intermediate vendees between H. Berwick and Mrs. J. A. Thomason, Jr., were purchasers for value without notice of plaintiff's claim, the said J. A. Thomason took by his purchase a good title, notwithstanding he may have had notice at the time of his purchase. Gulf, C. & S. F. Ry. Co. v. Gill, 5 Texas Civ. App., 496; Hickman v. Hoffman, 11 Texas Civ. App., 605; Wallace v. Campbell, 54 Texas, 90.

The defendants holding the legal title, and the plaintiff's claim being an equitable one, the burden of proof was upon the plaintiff to show affirmatively that neither the defendants nor any of the persons under whom they held were purchasers for value without notice of plaintiff's claim. Hill v. Moore, 62 Texas, 615; Baldwin v. Root, 90 Texas, 552; Barnes v. Jamison, 24 Texas, 362; Fordtran v. Perry, 60 S. W., 1000; Johnson v. Newman, 43 Texas, 628; Halbert v. DeBode, 15 Texas Civ. App., 630; Biggerstaff v. Murphy, 3 Texas Civ. App., 363.

*C. N. Smith* and *H. E. Marshall,* for appellee.—One purchasing with notice of a superior outstanding title can not be an innocent purchaser. Baldwin v. Root, 90 Texas, 552; Hamman v. Keigwin, 39 Texas, 42; Tate v. Kramer, 1 Texas Civ. App., 433.

PLEASANTS, Chief Justice.—This is an action of trespass to try title brought by appellee against appellants, the widow and heirs at law of J. A. Thomason, Jr., deceased, to recover land situated in Liberty County.

Mrs. Julia A. Thomason answered for herself and as guardian of the minor defendants, J. A. Thomason and James H. Thomason, by plea of not guilty and pleas of limitation. The minors Laura and Cordelia Thomason answered by their respective guardians, the Houston Land and Trust Company and R. M. Kilgore. Each of these defendants pleaded not guilty and the Houston Land and Trust Company also pleaded limitation.

The trial in the court below without a jury resulted in a judgment in favor of the plaintiff for the land in controversy.

The record shows that the land was conveyed to H. Berwick by J. S. Blasdel on August 27, 1885. On June 8, 1887, H. Berwick and wife, Ida Berwick, conveyed it to W. E. Stetson and thereafter it was conveyed by said Stetson to George F. Allen, by Allen to W. B. Brittain, by Brittain to C. H. Simmons, and on May the 8th, 1893, Simmons and wife conveyed it to appellant, Mrs. Julia A. Thomason, who was then the wife of J. A. Thomason, Jr., now deceased, under whom the other appellants claim.

The appellee, Tom Berwick, is the son of Mary Berwick, deceased, who was the wife of H. Berwick at the time the land was conveyed to

him by J. S. Blasdel, as before stated, on the 27th day of August, 1885. Mary Berwick died in January, 1886, and H. Berwick thereafter married Ida McShane, who joined him in the execution of the deed conveying the land to W. E. Stetson on June 8, 1887.

The evidence sustains the finding of the trial court that the land was paid for with the separate funds of Mary Berwick. The appellee Tom Berwick is the sole heir of said Mary. The evidence also sustains the finding that while the land was conveyed by Simmons and wife to Mrs. Julia A. Thomason it was in fact purchased and paid for by her husband, J. A. Thomason, Jr., and that at the time he purchased he knew that it was the separate property of appellee's mother, Mary Berwick, and that the plaintiff as the heir of said Mary Berwick was claiming the land.

There is no evidence that any one of the purchasers under H. Berwick and wife, prior to the said J. A. Thomason, Jr., had any knowledge of the fact that H. Berwick had a former wife, or knew any facts which would put them upon notice of appellee's claim to the land.

Upon this state of the evidence the trial court erred in rendering judgment for the plaintiff. It is a well settled rule of decision in this State that in order for one asserting a prior equitable title against the purchaser of the legal title to prevail, it devolves upon him to show that the holder of the legal title is not a purchaser for value or that he purchased with notice of the prior equitable claim. Johnson v. Newman, 43 Texas, 642; Edwards v. Brown, 68 Texas, 329; French v. Strumberg, 52 Texas, 92; Baldwin v. Root, 90 Texas, 552; Fordtran v. Perry, 60 S. W. 1000.

It is equally well settled that if a subsequent purchaser with notice acquires title from a former purchaser who bought for value and without notice, such subsequent purchaser succeeds to all the rights of his grantor. When land once becomes freed from equities by a *bona fide* purchase by one having no notice of the equities, such purchaser obtains a complete *jus disponendi,* and any one who takes title from him takes it free from said prior equities notwithstanding he may have notice thereof at the time he buys. Grace v. Wade, 45 Texas, 522; Lewis v. Johnson, 68 Texas, 450.

We think it logically follows from these decisions that the burden upon one asserting an equitable claim against the purchaser of the legal title who has not purchased directly from the holder of the legal title against whom the equity arose, is not discharged by merely showing that the last purchaser had notice of the equity, but the proof must go further and show that the land was not free from such equity in the hands of any of the intermediate vendors of said purchaser. This is the holding in the following cases: Peterson v. McCauley, 25 S. W., 826; Burleson v. Alvis, 28 Texas Civ. App., 51.

The record presents no other error that is likely to occur upon another trial and it is unnecessary to discuss any of the other questions presented.

For the error indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*