### DUCKWORTH et al. v. COLLIE et al. (No. 9667.)

(Court of Civil Appeals of Texas. Fort Worth. July 2, 1921.)

**1. Vendor and purchaser** ⊂⊃224—**Deed held not a quitclaim as respects issue of innocent purchaser.**

Deed whereby described land was "granted, sold, and conveyed" to grantees, "to have and to hold, * * * and we do hereby bind ourselves, our heirs, executors, and administrators, to quitclaim all and singular the said premises unto the said W. (grantees) against every person whomsoever lawfully claiming or to claim the same, or any part thereof," *held* a conveyance of title to the property itself as distinguished from a mere quitclaim deed, and was sufficient as a basis for the defense of innocent purchaser of such title.

**2. Vendor and purchaser** ⊂⊃239(6)—**Innocent purchaser of legal title takes property free of any equity of others.**

An innocent purchaser of the legal title of land, for a valuable consideration, without notice, takes the property free of any equitable interest owned in the land by others.

**3. Husband and wife** ⊂⊃273(10)—**Innocent purchasers of legal title, without notice of equitable claims by children of predecessor, took title free therefrom.**

Where husband holding legal title to property constituting community property of husband and wife conveyed the land subsequent to the wife's death, grantees' successors in interest, who purchased land by warranty deeds, for valuable considerations, without notice of the claim to an equitable interest therein by the children of such husband and wife, acquired the title free of such claims.

**4. Vendor and purchaser** ⊂⊃238—**Purchaser from bona fide purchaser not affected by notice.**

A purchaser of title from a bona fide purchaser thereof takes such title unaffected by his own notice of claims thereto.

**5. Husband and wife** ⊂⊃274(4)—**Heirs seeking to recover equitable interest in land as against holders of legal title required to prove that defendants had notice.**

Where husband holding legal title to land constituting community property of himself and wife conveyed the land subsequent to wife's death, their children, in suit to recover an undivided one-half interest in the land as heirs of the wife, had the burden of proving that husband's grantee and each of his subsequent purchasers had notice at time of purchase of the childrens' equitable interest in the land.

**6. Husband and wife** ⊂⊃274(4)—**Issue whether purchasers took land with notice that others than vendor had equitable interest therein properly submitted.**

Where husband holding legal title to property constituting community property of himself and wife conveyed the land subsequent to wife's death, instruction in action to recover interest therein by children against grantees' successors in interest, submitting issue of whether grantee and subsequent purchasers under him had "notice that the plaintiffs herein had or claimed any interest in and to the land in controversy as the heirs of" the wife, *held* to correctly submit the issue of notice.

**7. Trial** ⊂⊃356(7)—**Court properly sent jury back where they failed to answer questions.**

Where jury returned a verdict showing findings on only a portion of the issues submitted, court did not err in refusing to receive the verdict and in instructing jurors to again retire and finish verdict, by written instruction calling attention to the questions which had been submitted and had not been answered.

**8. Trial** ⊂⊃106—**Refusal to permit plaintiffs to submit argument after jury had returned a defective verdict before retiring jury for further findings held not error.**

Where jury returned a verdict showing findings on only a portion of the issues submitted, and before it was retired for further

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

findings plaintiffs' counsel demanded the right to again argue issues which had not been determined, but, on court granting 10 minutes on each side for another argument of those issues, announced that they would not submit any argument until after the defendants had made their argument, and where defendants thereupon announced that they did not care to make further argument, action of court in thereupon refusing to permit plaintiffs to submit their argument *held* not error.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by W. J. Duckworth and others against W. M. Collie and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Burkett, Anderson & Orr, of Eastland, for appellants.

Bishop, Scott & Sparks, of Gorman, and J. B. Perry, of Eastland, for appellees.

DUNKLIN, J. In the year 1899 Benjamin R. Lamance and wife, by warranty deed, conveyed to S. A. Duckworth 80 acres of land in Eastland county. At the time of said conveyance Duckworth was a married man, and the property was community property of himself and his wife, Mrs. Janie Duckworth. Mrs. Janie Duckworth died in April, 1900, while she and her husband and their children were residing on the land. On December 29, 1900, S. A. Duckworth married a second wife, who, together with himself and children by the first marriage, continued to live on the land until November 24, 1904, when he sold it to W. W. Hester.

The children of S. A. Duckworth and Mrs. Janie Duckworth, his first wife, instituted this suit in the form of trespass to try title to recover an undivided one-half interest in the land which they inherited from their mother. S. W. Bishop, W. M. Collie, and J. C. Davis and several other persons and their heirs, whose residences were unknown and who were represented upon the trial by guardian ad litem, were also made parties defendants. From a judgment denying plaintiffs' recovery, they have prosecuted this appeal.

Defendants S. W. Bishop, W. M. Collie, and J. C. Davis filed answers, consisting of a general denial and a plea of not guilty, and also pleas of innocent purchasers by them and the parties under whom they claimed title. They also pleaded the three, five, and ten years' statutes of limitation.

W. W. Hester, to whom Duckworth sold the land, joined by his wife, by warranty deed, conveyed the same to J. R. Armstrong on July 15, 1907. J. R. Armstrong, by warranty deed, conveyed it to L. L. Stanfield on January 13, 1910, and L. L. Stanfield and wife, by warranty deed, sold it to D. L. Handlin on August 2, 1911. D. L. Handlin and wife, by warranty deed, reconveyed it to L. L. Stanfield on November 2, 1912. L. L. Stanfield and wife executed a deed of trust covering the land on December 29, 1914, to secure the payment of certain indebtedness they owed to the bank of Carbon. On June 4, 1918, the trustee named in that deed of trust, and in accordance with its provisions, sold the land to W. M. Collie. L. L. Stanfield and wife also executed a special warranty deed to the land to W. M. Collie, of date January 31, 1919. On October 21, 1919, W. M. Collie and wife, by warranty deed, conveyed a part of the tract to the defendant J. C. Davis, and on October 28, 1919, W. M. Collie and wife, by warranty deed, conveyed another portion of that tract to the defendant S. W. Bishop.

All of the foregoing deeds of conveyance were duly filed and recorded in the deeds records of Eastland county.

The land in controversy had been originally set apart by the state for the deaf and dumb asylum, and had been originally sold by the state to A. E. Hogan on March 1, 1897, but no patent thereto was issued until April 22, 1919, at which time it was patented to W. M. Collie and his heirs and assigns, as assignee of Hogan.

In the above-mentioned deed from S. A. Duckworth and wife to W. W. Hester, dated November 24, 1914, and through which the defendants Bishop, Collie, and Davis claimed title, the granting clause reads as follows:

"Have granted, sold and conveyed * * * all that certain lot, tract or parcel of land situated in Eastland county, Texas, on the waters of Sabano creek, a tributary of the Leon river, about 17 miles south of the town of Eastland, more particularly described as follows, to wit: being the north half (½) of the N. E. quarter (¼) of sec. No. 25, deaf & dumb asylum land in Eastland county, Texas, containing 80 acres more or less."

And the habendum clause in that deed reads as follows:

"To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said W. W. Hester and his heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators, to quitclaim all and singular the said premises unto the said W. W. Hester and his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof."

The case was tried before a jury on special issues, in answer to which the jury found that when W. W. Hester purchased he had notice of the title to the land in controversy which plaintiffs had inherited from their mother, Mrs. Janie Duckworth; but further found that neither J. R. Armstrong nor D. L. Handlin had such notice at the time each of them purchased the land. The jury further found that defendants Bishop, Collie, and

Davis each had such notice at the times of their respective purchases.

[1] The deed from Duckworth to Hester was, in law, a conveyance of title to the property itself, as distinguished from a mere quitclaim deed, and was sufficient as a basis for the defense of innocent purchaser of such title. The only instance in which the term "quitclaim" is used is in the warranty clause, and the use of it there could not destroy the legal effect of the preceding language, used both in the granting clauses and in the habendum clause, clearly indicating an intention of the grantors to convey the land itself, rather than merely to relinquish any claim of title thereto. Richardson v. Levi, 67 Tex. 366, 3 S. W. 444; Tram Lumber Co. v. Hancock, 70 Tex. 312, 7 S. W. 724; Garrett v. Christopher, 74 Tex. 453, 12 S. W. 67, 15 Am. St. Rep. 850; Cook v. Smith, 107 Tex. 119, 174 S. W. 1094, 3 A. L. R. 940.

[2-4] It is settled by the decisions of this state that an innocent purchaser of the legal title to land, for a valuable consideration, without notice, will take the property free of any equitable interest owned in the land by others. Armstrong v. Hix, 107 Tex. 194, 175 S. W. 430; Mitchell v. Schofield, 106 Tex. 512, 171 S. W. 1121; Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S. W. 1139. S. A. Duckworth conveyed to W. W. Hester the legal title to the land in controversy, since such title was vested in him at that time. Hester did not acquire plaintiffs' interest in the land by that conveyance, since he had notice of that interest; but as J. R. Armstrong, for a valuable consideration, purchased the same legal title from Hester without notice of plaintiffs' interest, he acquired full title to the land free of plaintiffs' claims. The same can be said of D. L. Handlin's title, since he likewise purchased the legal title without notice of plaintiffs' interest and for a valuable consideration. By mesne conveyances the titles of Armstrong and Handlin were acquired by the defendants Bishop, Collie, and Davis, and the titles so acquired by them were not affected by notice of plaintiffs' claims at the time of their purchases. Grace v. Wade, 45 Tex. 522; Lewis v. Johnson, 68 Tex. 448, 4 S. W. 644; Long v. Shelton, 155 S. W. 945; Thomason v. Berwick, 52 Tex. Civ. App. 153, 113 S. W. 567.

[5] The trial court properly charged the jury that the burden was upon the plaintiffs to show that when Hester and each of his subsequent vendees purchased the property in controversy they had notice of plaintiffs' equitable interest in the land. Teagarden v. Godley Lumber Co., 105 Tex. 616, 154 S. W. 973; Meador Bros. v. Hines, 165 S. W. 915; Huling v. Moore, 194 S. W. 188.

[6] The language used in submitting the issues of notice was whether or not Hester and the subsequent purchasers under him had "notice that the plaintiffs herein had or claimed any interest in and to the land in controversy as the heirs of Janie Duckworth, deceased." That charge correctly submitted the issue of notice. It would have been improper for the court, in submitting that issue, to call attention of the jury to the recitals in the deed from Duckworth to Hester, as requested by plaintiffs, since that, at all events, would have been a charge upon the weight of the evidence. Furthermore, as the deed was not a quitclaim deed, but was a conveyance of the legal title to the property, it could not be said that its recitals tended to show notice of plaintiffs' interests, and for that reason plaintiffs' requested instruction to the effect that the deed might be considered as tending to show notice was properly refused.

[7, 8] The jury first returned a verdict showing findings on only a portion of the issue submitted to them. The trial judge declined to receive the verdict because of their failure to return findings on all the issues, and thereupon instructed them to again retire and finish their verdict; that instruction being in writing and in substance, calling attention to the questions which had been submitted and which had not been answered. There was no error in such action by the trial judge. Before retiring to make further findings, appellants' counsel demanded the right to again argue those issues which had not been determined by the jury. Over the objection of defendants' counsel, the court granted 10 minutes on each side for another argument of those issues. Thereupon plaintiffs announced that they would not submit any argument until after the defendants had made their argument. Counsel for defendants announced to the court that they did not care to make further argument. Then counsel for plaintiffs insisted upon submitting their argument; but permission to do so was refused by the trial court. There was no error in that ruling.

For the reasons indicated, all of plaintiffs' assignments of error are overruled, and the judgment is affirmed.