**HERRINGTON et al. v. AYRES et al.**
(No. 9287.)

Court of Civil Appeals of Texas. Galveston. April 25, 1929.

Wynne & Wynne and G. O. Crisp, all of Kaufman, for plaintiffs in error.

J. D. Pickett, of Palestine, and R. E. Seagler, of Houston, for defendants in error.

GRAVES, J. Alline and Roy Herrington, minor children of Mattie Herrington, deceased, and A. L. Herrington, acting here as below through their father as next friend, appeal from a judgment denying them any recovery in their suit for an undivided one-half interest in 106 acres of land in the A. C. Bullock survey in Anderson county as heirs of their mother; their six propositions challenge the correctness of the adverse judgment upon one and the same ground, that the deed shown in the record from their father, A. L. Herrintgon, conveying the land to Tom Ayres, did not pass the half interest they had inherited therein from their deceased mother, because the sale to Ayres was not made for the

purpose of paying a community debt against their parents' estate, nor were its proceeds applied to the extinguishment of such a debt.

Underlying the sole question thus raised are these undisputed facts: Mattie Herrington died intestate in 1918, leaving the two minors as her heirs, the 106 acres involved being then the community property of herself and surviving husband, A. L. Herrington, but not their homestead, and no administration was had on her estate. The community estate of herself and husband was insolvent, owing at the time of her death at least $10,-000 in excess of its assets, and so continuously remained until the date of this trial in 1928. On December 15, 1924, a deed, bearing date of March 21, 1924, was executed and acknowledged by A. L. Herrington to Tom Ayres, in which Herrington conveyed the land individually and as surviving husband of the deceased wife, for a consideration of $1,100 in notes. This deed was filed for record December 16th of 1924; but prior to that Herrington executed and delivered to Ayres a deed conveying the same property for the $1,-100 notes, in which Herrington sold the land individually to Ayres. Mattie L. Herrington's name did not appear in this deed, nor was there any recital showing her interest or that it was community land. This was the deed by which the sale was consummated, and the purchase-money notes were then executed. No new notes were made when the new deed was made. Ayres did not know anything about the second deed. The proceeds of the notes thus given to A. L. Herrington for the purchase of the land by Ayres went to pay a community debt of Herrington and his wife, Mattie; such debt having been renewed by Herrington after his wife's death, and kept alive until paid out of the proceeds of these notes. Ayres paid, and the Herrington community estate received, the full $1,-100 consideration for the land, knowing nothing at the time of any claims or interests of the minors affecting it—not even that they or their mother ever existed—and the first deed, under which he bought, neither made any reference to nor disclosed any community interest in the land purporting to pass the title as the individual property of A. L. Herrington; nor did he know until long afterwards that the new deed, which contained the recital about the community interest, had been executed at all.

■ In this state of the record no other judgment than that complained of could have properly been rendered, for at least two reasons:

(1) The land being the community property of their father and mother, and having been sold for that purpose and the proceeds actually applied to the payment of community debts, the surviving husband had the right to convey the whole title, inclusive of the equity inuring to the minor children from their deceased mother. Sanger v. Moody's Heirs, 60 Tex. 96; Carlton v. Goebler, 94 Tex. 93, 58 S. W. 829; Stone v. Jackson, 109 Tex. 385, 210 S. W. 953; Norwood v. King (Tex. Civ. App.) 155 S. W. 366 (error denied); Stone v. Light (Tex. Civ. App.) 228 S. W. 1108; Wenar v. Stenzel, 48 Tex. 488; Morse v. Nibbs (Tex. Civ. App.) 150 S. W. 766 (error denied); Crawford v. Gibson (Tex. Civ. App.) 203 S. W. 375; Wilson v. Helms, 59 Tex. 680; Ashe v. Yungst, 65 Tex. 631; Rippy v. Harlow, 46 Tex. Civ. App. 52, 101 S. W. 851; R. S. arts. 4620, 3661.

Under these authorities the rule would have been the same, even had the facts not shown that the proceeds from the sale to Ayres were applied to the payment of a community debt, because it was no duty of his to see to it that such application was in fact made.

■■ (2) The deed of Herrington to Ayres was effective to pass the interest in the land which the plaintiffs inherited from their mother, because Ayres was a good-faith purchaser and paid a valuable consideration for the land, without any knowledge of the rights or claims of the plaintiffs. The burden of proof was on the plaintiffs to show that Ayres had notice of their equities.

■ Ayres being thus an innocent purchaser, all the other defendants were entitled to a like protection, since they for value derived their titles through him. Mitchell v. Schofield, 106 Tex. 512, 171 S. W. 1121; Patty v. Middleton, 82 Tex. 586, 17 S. W. 909; Duckworth v. Collie (Tex. Civ. App.) 235 S. W. 924; Bumpass v. Johnson (Tex. Com. App.) 285 S. W. 272; Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S. W. 1139; Long v. Shelton (Tex. Civ. App.) 155 S. W. 945; Thomason v. Berwick, 52 Tex. Civ. App. 153, 113 S. W. 567; Durham v. Scrivener (Tex. Civ. App.) 259 S. W. 606; Huling v. Moore (Tex. Civ. App.) 194 S. W. 188.

■ For still a third reason the judgment was proper, we think, because even if the facts had shown that A. L. Herrington, after the death of these minors' mother, had so mingled his subsequent debts and business with those of himself and her as to make undeterminable whether or not and how their community debts were extinguished, the deed to Tom Ayres would have nevertheless passed the entire estate in the land, since, as before recited, such community estate was shown to be insolvent at all times from the death of the wife until the land was sold. Morris v. Morris, 47 Tex. Civ. App. 244, 105 S. W. 242; Brown v. Bacon, 63 Tex. 598; Burkitt v. Key (Tex. Civ. App.) 42 S. W. 231.

Further discussion is deemed unnecessary, as these conclusions require an affirmance of the judgment; that order has been entered.

Affirmed.