## A. C. WALKER v. BROWN, THOMPSON & CO.

### (Case No. 2061.)

1. PARTNERS—REPRESENTATIONS—LIABILITY—If persons represent themselves as partners and induce others to sell them goods, believing them to be such, they become liable as partners for the goods, whether they were in fact partners or not.
2. PRACTICE—It is unimportant on appeal that a charge presenting the law applicable to a state of facts negatived by the verdict was refused.
3. EVIDENCE—CHARGE—PRACTICE—If evidence is admissible for one purpose, it can not be complained that the court did not instruct the jury that it was incompetent evidence upon another issue, unless a special charge to that effect was asked.
4. PRACTICE—NEW TRIAL—CUMULATIVE EVIDENCE—Newly discovered evidence, if cumulative, furnishes no ground for a new trial.

APPEAL from Titus. Tried below before the Hon. W. P. McLean. The opinion states the facts.

The verdict of the jury was, "We, the jury, find for the plaintiffs, $235.79, against both defendants, and that the property levied on is subject to the attachment lien."

The following special charge asked by defendants was refused: "If from the evidence you find that A. C. Walker was not a partner with E. M. Walker, and you further find that E. M. Walker is liable for the debt, or any part thereof, sued for and claimed by plaintiffs, then you will find for plaintiffs, and state by your verdict what amount you find, and so say by your verdict. If you further find from the evidence that the writ of attachment in this cause was sued out against, and levied upon, the property of E. M. Walker and A. C. Walker, then you can not foreclose plaintiff's attachment against said property,

but in such case your verdict should be against E. M. Walker alone for such amount as the proof shows plaintiffs are entitled to recover without foreclosing the attachment lien."

*J. H. Harper*, for appellant, on representation of partnership, cited: Cushing *v.* Smith, 43 Tex., 261; Parsons on Part., 123, 124; Story on Part., 30, 65.

*Pounders & Olive*, for appellees, on representation of partnership, cited: Cushing *v.* Smith, 43 Tex., 261, and authorities there cited:

On newly discovered evidence they cited: Bronson *v.* State, 2 Ct. App. 46; Damsby *v.* State, 34 Tex., 393; Gaines *v.* State, 41 Tex., 334; Darnell *v.* State, 6 Ct. App., 482; Evans *v.* State, 6 Ct. App. 513.

STAYTON, ASSOCIATE JUSTICE. — Appellees brought this action against E. M. and A. C. Walker, as partners, to recover the value of certain goods alleged to have been sold to them by the appellees. A. C. Walker denied the partnership by a sworn plea, and denied liability for the debt. There was evidence, both direct and circumstantial, tending to show that the partnership existed, and that the goods, as alleged, were sold to them as partners, doing business under the firm name of E. M. Walker. There was also evidence tending to show that they held themselves out as partners to the appellees, at the time the goods were purchased.

The court below gave the following charge: "That if they believed from the evidence that E. M. Walker and A. C. Walker represented themselves to be partners, and induced James Thompson, one of the firm of Brown, Thompson & Co., to sell them goods, believing them to be partners, then it would make no difference whether they were such partners or not, in fact they would be liable as partners for the goods so purchased."

This is assigned as error. This charge correctly states a general rule of law. If the appellant was of the opinion that the court should have informed the jury as to the character of representations upon which the seller might rely, he should have asked a charge upon that subject. It is urged that the charge was one upon the weight of evidence, but we do not see that such was its effect. It was doubtless given in view of the case made by the evidence. The court fully instructed the jury as to the state of facts which would justify a recovery against both defendants, and the findings show that the jury were of the opinion that such facts existed. It is, therefore, unimportant that the court refused to give the instruction asked by the appellant in re-

lation to the result which would follow if E. M. Walker alone was found liable.

E. M. Walker testified in the cause, and was asked on cross-examination, time, place and circumstances being given, if, in a conversation had by him with S. B. Dickson on the day before he transferred his stock of whiskies and other goods to his co-defendant, A. C. Walker, he did not say that he was expecting to be attached, and that he was going to sell out to A. C. Walker, and that A. C. Walker was not known in the business. He denied such a conversation, and for the purpose of impeaching his testimony, Dickson was permitted to state that such a conversation passed between them.

The bill of exceptions shows that this evidence was admitted for no other purpose than that stated, and for this purpose the evidence was admissible, the witness having testified that no partnership existed. If the appellant desired the jury to be informed that this evidence, the statement not having been made in the presence of A. C. Walker, should not be considered as evidence of the existence of a partnership, then he should have asked an instruction to that effect.

The witness Batte was examined as a witness in the case, and there is no sufficient reason given why he was not examined in reference to the matters alleged to be newly discovered evidence, upon which a new trial was asked. If these matters were true, they might have been readily ascertained. Other witnesses testified in reference to the same matters, and, at most, the evidence of Batte would be only cumulative; such evidence, if newly discovered, does not furnish sufficient ground for a new trial.

The verdict has sufficient evidence to support it, and we find no error in the proceedings. The judgment must, therefore, be affirmed.

AFFIRMED.

[Opinion delivered October 26, 1886.]