W. B. HOGAN, Jr., Appellant,

v.

W. E. (Bill) CUNNINGHAM d/b/a Southwestern Steel Erectors, Appellees.

No. 6442.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 22, 1954.

Campbell & Brock, Lubbock, John J. Watts, Burnett & McCollum, Odessa, for appellant.

Crenshaw, Dupree & Milam, Lubbock (Max Addison, Lubbock, of counsel), for appellees.

NORTHCUTT, Justice.

W. B. Hogan, Jr. sued W. E. (Bill) Cunningham d/b/a/ Southwestern Steel Erectors for $435,000 damages. Hogan will be referred to herein as Plaintiff and Cunningham as Defendant. Plaintiff pleaded that he had occasion to be in the Veterans of Foreign Wars' Clubhouse and that Defendant, unknown to the Plaintiff, had been engaged to erect a parking rail at the Veterans of Foreign Wars' Clubhouse, and that the Defendant, its agents, servants and/or employees, while in the scope and course of their employment, did then and there leave unattended and unmarked a pile of pipe. Plaintiff alleged three acts of negligence on the part of the Defendant as follows:

"a. That defendant, its agents, servants, and/or employees did then and there fail to warn plaintiff of the pipe so situated when they knew or, by the exercise of due diligence, should have known that persons of the general class, as plaintiff, might be caused to fall thereon;

"b. That the defendant, its agents, servants, and/or employees did then and there fail to cause flares to be placed at or near the pipe when they knew or, by the exercise of due diligence, should have known that persons of the general class, as plaintiff, might fall thereon; and

"c. That defendant, its agents, servants, and/or employees did then and there fail to erect a guard rail around said pipe when they knew or, by the exercise of reasonable diligence, should have known that persons of the general class, as plaintiff, might fall thereon."

Defendant answered that the Plaintiff was a frequent visitor to the clubhouse and visited the clubhouse on several occasions before the accident while defendant was engaged in erecting the parking rail and knew that there were metal pipes laid out in the particular area and that there were flood lights mounted on or attached to the corners of the clubhouse which lights were

of sufficient size to brightly light up all the area where the work of erecting the parking rail was going on; that when Plaintiff drove into the parking lot on the evening of the accident he could see and did see the location of the pipe on the ground and knew the pipe was there; that plaintiff had been involved in another accident in which his injured leg had been badly broken and which had not fully healed at the time of the accident here involved and that Plaintiff was in such intoxicated condition as to impair his locomotion and sense of balance and that by virtue of all of this he was guilty of contributory negligence and of failure to use ordinary care for his own safety.

The Court, together with other issues, submitted questions to the jury covering the three acts of Defendant's negligence alleged by the Plaintiff. The jury answered all of these questions in the negative and found the. Defendant was not negligent in any of the acts. The jury found the Plaintiff did not keep a proper look-out and that such failure was a proximate cause of the accident in question. The jury further found that the Plaintiff prior to the time of his fall at the time and on the occasion in question had notice or knowledge of the construction work being done in connection with the parking rail and that the Plaintiff was under the influence of intoxicating liquors and that the flood lights on the clubhouse were burning on the night of the accident and that the Plaintiff's fall was not the result of an unavoidable accident. Then, in answer to the question as to what sum of money would reasonably compensate the Plaintiff, the jury answered "None". Following the verdict of the jury, the Court rendered judgment that the Plaintiff take nothing by reason of his suit to which action of the trial court Plaintiff excepted and has perfected this appeal.

■ Hereafter Plaintiff will be referred to as Appellant and Defendant as Appellee. Appellant presents this appeal upon five points of error. By his first point of error, he complains of the action of the trial court

in rendering judgment that Appellant take nothing based on the jury verdict that Appellee was not negligent in stacking the pipe as he did and failing to put a guard rail around said pipe and likewise in failing to place flares at the stack of pipe for the reason that the evidence conclusively showed such unguarded pipe was the cause of the injuries and that Appellee knew that all members of the V.F.W. used the area where the pipe was stacked for going to and from their cars to the V.F.W. building and would likely walk and stumble into the pipe without knowing of such pipe and thus receive injuries as did Appellant. The matters here complained of were part of Plaintiff's cause of action as set out in Paragraph c of his original petition as one of the acts of negligence. No exceptions were made by either party to any portion of the court's charge. The court asked the jury if the failure of the Defendant, his agents, servants and/or employees to erect a guard rail around the pipe in question was negligent and the jury answered "No". There was evidence that the lights were burning on the night in question and the pipe was clearly visible and other testimony upon which the jury could consider in passing upon this issue. There was sufficient evidence to sustain the jury findings on this issue and Appellant's first point of error will be overruled.

■ In Appellant's second point of error, he complained of the action of the trial court in rendering judgment that Appellant recover no damages from Appellee based on the jury verdict that he did not suffer and sustain any injury or loss of earnings by reason of any injury and that he did not suffer any pain by reason of his alleged injury. There is no question but what Appellant suffered injuries and pain. The court did not hold that appellant did not suffer injury or pain but merely held that since the jury had said the Appellee was not in any way responsible for such injury and pain, the Appellant could not recover for such injury and pain against Appellee. This point was well discussed in the case of Harrison v. Missouri, Kansas

& T. R. Co. of Texas, Tex.Civ.App., 89 S.W.2d 455, at page 458. Appellant's second point of error is overruled.

■ By Appellant's third point of error, he complains of the court permitting Appellee to question Appellant as to the details of the accident where Appellant was injured on June 5, 1949 and by not limiting such testimony by the court instructing the jury that all injuries in such former accident could be considered only as showing he was suffering from such injuries rather than from the injuries suffered and sustained in the accident involved in this suit. The trial court in submitting the issue as to the amount of damages, instructed the jury not to consider any damages sustained by the Plaintiff in an automobile accident in 1949 or any other injuries sustained by the Plaintiff prior to November 10, 1950. There were no objections made to this charge and neither is there any point here raised as to such charge. In testifying about the last accident in connection with the first accident, Dr. English testified that he thought, in this last accident, that the top part of the old fracture broke off from the callus. Plaintiff in his pleadings pleaded that "at the time of receiving the injuries aforementioned, he was a man hale and hearty, sound in limb —". The Appellant testified he was using an elbow or arm crutch in November, 1950. The record was replete with matters as to the accident of June 5, 1949 down to the accident here in question. The trial court was not obligated to instruct the jury that all injuries in such Ruidoso accident could be considered only as showing the Appellant was suffering from such injuries rather than from the injuries suffered and sustained on November 10, 1950. The extent of the liability of the Appellee, taking into consideration the prior accident, would be the amount of aggravation brought about by Appellee's negligence. However, if this evidence was admissible for only establishing one issue, the duty was upon Appellant to make the proper request of the trial court to limit the testimony to the issue upon which it was admissible. Brin v. McGregor, Tex.Civ.App.,

64 S.W. 78; Wilson v. Avery Co. of Texas, Tex.Civ.App., 182 S.W. 884. Appellant's point 3 is overruled.

■ Mr. John J. Watts and Burnett and McCollum of Odessa originally filed this suit for Appellant and Mr. Pope, associated with Mr. Watts, took a deposition for Appellant but in the trial of the case, Messrs. Campbell & Brock of Lubbock represented the Appellant. In arguing the case to the jury, one of Appellee's attorneys made the following argument:

"I don't suppose any of you have ever set on a Four Hundred and Thirty-Five Thousand Dollar case before, and I don't suppose that any of you know John Watts. Away back yonder in — the 29th day of October, 1951, John Watts and his coterie of damage suit lawyers from the oilfields filed this suit in this court for this plaintiff, asking that you give him a judgment for $435,000. Now, it looks like — Mr. Brock said to you the other day that John couldn't be here, that he is busy over in the Federal Court in Pecos. It looks like somebody between the 29th day of October, 1951, John Watts, Burnett and McCollum, and then sending a man over to take Bill Cunningham's deposition, Jerome Pope, it looks like somewhere that such a coterie of damage suit lawyers would be willing to face a Lubbock County jury."

Appellant assigns this argument as his fourth point of error. The record shows that all of the attorneys mentioned did originally take part in this suit and they resided in Odessa. The reference to attorneys as such coterie of damage suit lawyers is nothing derogatory against the attorneys. Most attorneys are willing to file a damage suit. Oftentimes lawyers are referred to as "railroad lawyers" or "criminal lawyers". If this argument was erroneous, we are of the opinion that it was harmless error. The Appellant was very ably represented by local attorneys and we are unable to see where more could have

been done for Appellant than was done in this case. Appellant's point four is overruled.

Appellant, by his fifth and last point of error, complained of the misconduct of one of the jurors but evidence as to this matter was heard by the trial judge and he overruled such contention—and his ruling on such matter, under the record of such hearing, is binding upon this court and is based upon sufficient evidence. Point five is overruled.

Judgment of the trial court is affirmed.