**CITY OF HOUSTON, Appellant,**

v.

**Robert James WISNOSKI et ux., Appellee.**

**No. 412.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 18, 1970.

Rehearing Denied Dec. 9, 1970.

William A. Olson and Fred Spence, Houston, for appellant.

Stephen Perel, Houston, for appellee.

BARRON, Justice.

This is an appeal by the City of Houston from a judgment entered March 9, 1970 in favor of the appellee, Robert James Wisnoski in a condemnation suit.

On February 17, 1969, the City of Houston acquired 6,250 square feet of land from the appellee for the purpose of widening and improving Bingle Road near the Northwest Freeway in the City of Houston. The sole issue presented to the jury involved the compensation to which appellee was entitled as a result of the taking. The only testimony in evidence before the trial court and jury was from the two expert appraisal witnesses, Mr. Wilbert L. White, for appellee, and Mr. David M. Lewis, for appellant. Each witness duly qualified as an expert and gave his opinion as to the value of the subject property, an unimproved lot. Appellee's expert witness testified to a value of $7,800 or $1.25 per square foot and appellant's expert witness testified to a value of $2,500 or $.40 per square foot. The court entered judgment on the verdict awarding appellee a recovery of $6,000, but after crediting thereon the special commissioner's award of $3,400, the net recovery amounted to $2,600.

Appellant's points of error can be divided into three groups. The first group of points, 1–3, deal with appellant's contention that the trial court erred in admitting into evidence the blackboard with appellee's witness' name on it, the square footage con-

tained in subject property and his opinion as to the value of the subject property. Appellant's next group of points, 4–42, deal with the admissibility of the defendant's comparable sales. The appellant contends in the last points of error, 43–45, that there is no evidence or insufficient evidence to support the jury verdict, and, alternatively, that the verdict is against the great weight and preponderance of the evidence.

The record indicates that prior to the commencement of the trial, the trial court stated that one blackboard would be available for each side so that each appraisal witness could write on it his name, the date of taking, the number of square footage contained in subject property, and his opinion value. The trial judge further stated that each blackboard would go into the jury room during deliberation. During the trial the appellee's expert witness wrote on the blackboard his name, W. L. White; the date of taking, February 17, 1969; the number of square feet taken, 6,250 square feet; the market value, $1.25 per square foot; the total value, $7,800; and a diagram or plat of the property in relation to the general area. After both sides had closed their evidence, the appellee moved to reopen the evidence and offered the blackboard into evidence. The court, over appellant's objection, admitted the blackboard into evidence. The appellant rejected the trial court's offer of a blackboard of the same size and shape and the court's suggestion that it place thereon the name of its appraiser and its values. The appellee stated that he had no objection to appellant's placing their value and appraiser's name on appellee's blackboard, but this offer was also rejected by appellant.

The appellant contends that the trial court erred in reopening the evidence and admitting the blackboard into evidence, because its introduction amounted to special emphasis and a comment on the weight of the appellee's evidence.

Appellant's point of error that the trial court erred in reopening the evidence

is overruled because the appellant failed to make a timely objection to the motion to reopen. Appellant's only objection was to the admissibility of said evidence.

The appellant relies on the case of Harvey v. State, 389 S.W.2d 692, (Tex.Civ. App.1965), n. r. e., to support its contention that the trial court committed error in admitting the blackboard into evidence. The Harvey case was a condemnation case in which the appellee's attorney prepared a card while his value witness was testifying which showed the valuation figures as testified to by the expert witness. The trial court admitted the card into evidence over appellant's objection and permitted the jury to take the card into the jury room. The appellant's only objection to the admissibility of this exhibit was that it was written by counsel for appellee and not by the expert witness. The jury findings in Harvey as to the value of the land were in the exact amount shown by the card. While the Harvey court held that the chart prepared by appellant's attorney was not admissible, it affirmed the trial court because appellant failed to demonstrate that such error was harmful or prejudicial to them or probably caused the rendition of an improper judgment under Rule 434, Texas Rules of Civil Procedure.

The Harvey decision is distinguishable from the case at hand on several grounds. In Harvey the exhibit was prepared by the appellee's attorney and the objection to the exhibit's introduction into evidence was on the ground that it was written by appellee's attorney. In this case the expert witness himself wrote the exact information he was testifying to upon the blackboard. While the jury findings as to value in Harvey were in the exact amount shown by the exhibit, in the instant case the jury finding was at a figure ($6,000) below the valuation on the exhibit ($7,800).

Moreover, the appellant in this case neither confined his objection to the questionable portion of the exhibit nor requested that that portion be deleted from

the exhibit. The exhibit contained a drawing of the subject property in relation to the surrounding area, which is clearly admissible, as well as are the questioned valuation figures. A general objection to a unit of evidence as a whole, which does not point out specifically the portion objected to, is properly overruled if any part of it is admissible. Brown & Root v. Haddad, 142 Tex. 624, 180 S.W.2d 339, 341 (1944); McCormick & Ray, Texas Law of Evidence, 2d Ed., Sec. 25, p. 25. On proper objection the trial court could have limited such evidence to its proper purpose or have objectionable portions of same erased from the blackboard. In the absence of a request that the evidence be considered by the jury in its proper connection only, a party may not complain that the jury considered it for other purposes. Walker v. Brown, 66 Tex. 556, 1 S.W. 797 (1886); Hogan v. Cunningham, 278 S.W.2d 265, 268 (Tex.Civ.App.1954); Neff v. Johnson, 391 S.W.2d 760, 763 (Tex.Civ.App.1965), no writ; 23 Tex.Jur.2d, Sec. 122, pp. 174–175.

The subject property is a rectangular-shaped unimproved lot containing approximately 6,250 square feet which is located north of the feeder road of the proposed freeway. At the present time public gas, electricity and telephone service are available and eventually sewer and water will be available at this site. There was testimony that the property's highest and best use is commercial because of its frontage on a major street (Bingle) and its close proximity to the freeway under construction. None of appellee's comparable sales involve improved property.

Mr. White, the appellee's expert value witness, testified that a "comparable sale" is "one that is as nearly similar to the property you are appraising as is possible to find." The following is a summary of appellee's expert witness' comparable sales: (1) the property in sale number one had a total area of 246,029 square feet and sold for $.82 per square foot on October 10, 1968. (2) The property in sale number two had a total area of 11,250 square feet and sold for $1.50 per square foot on February 28, 1969. (3) The property in sale number three had a total area of 12,500 square feet and sold for $.44 per square foot in June, 1967. Appellee's expert witness testified that this property had about the same frontage on Bingle as the subject property but that it is more removed from the freeway and has no freeway influence. (4) The property in sale number four had a total area of 20,900 square feet and sold for $.45 per square foot on January 14, 1969. This property is farther away from the freeway than the subject property and appellee's expert witness testified that "the subject property is superior to this sale." (5) The property in sale number five had a total area of 7,200 square feet, was about one mile distance from the subject property and sold for $2.92 per square foot in June of 1969. The appellee's expert witness testified that this property had a superior location because of its major street frontage. (6) The property in sale number six was conveyed to Mobil Oil Company, had a total area of 16,200 square feet, and sold for $3.09 per square foot on September 5, 1969. (7) The property in sale number seven was part of the transaction in sale number six, had a total area of 9,600 square feet and sold for $1.77 per square foot. (8) The property in sale number eight was part of the transaction in sales numbers six and seven, had a total area of 12,200 square feet and sold for $1.50 per square foot. Appellee's expert witness testified that sales number six, seven, and eight to the same purchaser represented "a blockingup type of operation of smaller lots or smaller interests * * *." (9) The property in sale number nine was sold to Gulf Oil Company, had a total area of 30,000 square feet, and sold for $2.00 per square foot on December 20, 1965. (10) The property in sale number 10 was a lease and was withdrawn by the appellee. (11) The property in sale number 11 was sold to Socony Mobil Oil Company, had a total area of 46,374 square feet, and sold for $1.65 per square foot.

Appellant's points of error 4–42 deal with the admissibility of these comparable sales. The appellant objects to the admission into evidence of sales numbers 1, 2, 5, 6, 7, 8, 9, and 11, because those sales were not comparable in size, location or in usage and in highest and best use of the subject property. Appellant objects to the admissibility of sales numbers 1, 2, 6, 7, 8, and 9, in that they were sold as part of a blocking action wherein the purchaser was acquiring the property to be used in connection with other adjoining property also being acquired. Appellant further contends that sales number 2 did not represent the market value of the land sold. Appellant objected to the admission into evidence of sales numbers 2, 5, 6, 7, and 8, because they were made after the date of the taking of the subject property.

■ The appellant contends that the appellee's expert value witness admitted that some of appellee's sales were not comparable. Appellee's expert witness stated that some of the sales were of property superior to the subject property and that the subject property was superior to other sales of property in the area. The witness explained the considerations used in making these determinations. There is no basis in the record for appellant's contention that appellee's witness admitted that appellee's sales were not comparable.

In contending that the sales testified to by appellee's expert value witness were not comparable to the subject property, the appellant relies on the Texas Supreme Court case of State v. Chavers, 454 S.W.2d 395, (Tex.Sup.1970). The Chavers case involved the question of the admissibility of a sale of improved land with a house on it, when the condemned property was unimproved acreage. The Supreme Court held the sale to be inadmissible since it gave the jury no assistance in determining the value of the Chavers' land. The Chavers case is distinguishable and inapplicable to the instant factual situation principally because appellee's property is vacant and unim-

proved and all sales used by his expert value witness were vacant and unimproved.

■ The appellant cites the statement in the case of Austin v. Flink, 454 S.W.2d 389, (Tex.1970), that the "admissibility of comparable sales should be decided by the trial court in a pre-trial conference or motion in limine, and not in front of the jury," as authority for his contention that the trial judge disposed of appellee's alleged noncomparable sales in a motion in limine and then erroneously allowed the sales into evidence during the trial. We need not consider this contention because the ruling on a motion in limine cannot of itself be reversible error. Hartford Accident & Indemnity Co. v. McCardell, 369 S.W.2d 331, 335, (Tex.Sup.1963).

■ The appellant argues that several sales were inadmissible because they constituted a "blocking-action wherein the purchaser was accumulating property." We decline to hold a blocking action sale inadmissible for this reason if the sale meets the requirements of an otherwise proper comparable sale.

■ The appellant further contends that the trial court erred in admitting certain sales into evidence which occurred six months after the date of taking of the subject property. Evidence of sales of comparable land made subsequent to the date of the condemnation is admissible "as long as the price sought to be offered after the taking is not derived from the sale of property which has been benefited by the project or improvement occasioning the taking." City of Houston v. Collins, 310 S.W.2d 697, (Tex.Civ.App.1958), no writ hist. We hold that the comparable sales made six months after the date of the taking of the subject property are admissible evidence because there is no evidence in the record indicating that there had been a material change in market conditions between the date of taking and the comparable sales dates other

than a general increase in land values in the City of Houston.

■ The remainder of appellant's points of error question the comparability of appellee's sales to the subject property in regard to size, location and use. The Court in State v. Helvey, 375 S.W.2d 744, (Tex. Civ.App.1964), no writ hist., in considering the question of comparable sales, said, on p. 751:

> "It may be safely said that no two tracts of land are exactly alike * * * We do not understand that it is required that two tracts of land must have identical value to be comparable. If such were the law, for all practical purposes, it would be difficult to prove the value of the land by the sale of other property, no matter how similar they might be, because very few tracts have identical values, there always being some facts making one tract of land a little more or a little less desirable or valuable than the adjoining property. * * *"

It has been held in Texas on numerous occasions that the question of admissibility of comparable sales is within the sound discretion of the trial judge. State v. Helvey, supra; City of Houston v. Pillot, 73 S.W.2d 585 (Tex.Civ.App.1934), rev'd on other grounds, 105 S.W.2d 870 (Tex. Com.App.); City of Houston v. Collins, supra. Appellant's objections in regard to the comparability of appellee's sales go to the weight, rather than to the admissibility of the evidence. Houston v. Pillot, supra. We hold that the trial court did not abuse its discretion in admitting appellee's comparable sales into evidence.

We have carefully reviewed the record in this case, and we are of the view that the evidence is sufficient to support the judgment entered by the trial court and that such judgment is not against the great weight and preponderance of the evidence.

Affirmed.