Jose MORALES et ux., Appellants,

v.

Henry LUGO et al., Appellees.

No. 574.

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 25, 1971.

Allison, Maddin, White & Brin, Inc.,
Harry F. Maddin, Corpus Christi, for appellants.

Kleberg, Mobley, Lockett & Weil, Lev
Hunt, Corpus Christi, for appellees.

OPINION

SHARPE, Justice.

This appeal is from a judgment rendered after jury trial that appellants, Jose Morales and wife Susanna Morales, plaintiffs below, take nothing against appellee, Henry Lugo, defendant below.

Appellants sued to recover damages for personal injuries to Mrs. Susanna Morales

and property damage to appellants' car resulting from an automobile collision which occurred on September 18, 1968 in Corpus Christi, Texas. Prior to the collision Mrs. Morales was driving appellants' vehicle in an easterly direction in her right-hand lane on the south side of Morgan Street, which is a two-way street with two lanes of traffic in each direction, and Henry Lugo was driving a car, owned by Ernest Lugo, in a westerly direction on the north side of Morgan Street. Henry Lugo turned to his left, or generally in a southerly direction, into the path of appellants' car and the front of the Morales' vehicle struck the right side of the Lugo vehicle.

The jury answers to the fifteen special issues submitted were in substance as follows: (1) That Lugo failed to keep a proper lookout; (2) which was a proximate cause of the collision; (3) that Lugo made a left turn when it could not be made with safety; (4) which was negligence, and (5) a proximate cause of the collision; (6) that Susanna Morales was operating her vehicle at an excessive rate of speed; (7) which was a proximate cause of the collision; (8) that Susanna Morales failed to keep a proper lookout; (9) which was a proximate cause of the collision. (10) The jury refused to find that the failure of Susanna Morales to turn her vehicle to the left was negligence. (11) Conditionally submitted proximate cause issue not answered. (12) The jury further refused to find that the collision was the result of an unavoidable accident. Issues (13), (14) and (15) related to plaintiffs' damages the answers to which aggregated $10,000.00.

Appellants' five points of error present the following basic contentions: That the trial court erred in admitting into evidence a plat, designated as Defendant's Exhibit 29, prepared by John Bentley, who was called as an accident reconstruction expert witness by the appellee, and that the evidence was legally and factually insufficient to support the jury findings against appel-

lants on special issues numbers six (excessive rate of speed) and eight (failure to keep a proper lookout).

The findings against Henry Lugo made by the jury in answer to special issues 1–5 are not questioned on this appeal. Appellants' recovery against appellee was defeated only because of the jury findings on special issues 6, 7, 8 and 9. Appellants do not assert any points of error concerning issues 7 and 9, relating to proximate cause in connection with the acts, omissions and negligence found against Mrs. Morales.

We have concluded that none of appellants' points presents reversible error and that the judgment should be affirmed.

We now specifically consider appellants' point one, which reads as follows:

"The Trial Court erred in admitting into evidence over Plaintiffs' objections Defendant's exhibit purporting to be a reconstruction of the accident in question (Defendant's Exhibit 29) for the reason that said exhibit is not an accurate representation of the scene as it actually existed and merely represents the opinion and conclusions of the witness, Bentley, is merely cumulative of his testimony and merely serves to illustrate his testimony. The admission of said exhibit into evidence was calculated to and did cause a rendition of an improper verdict in this cause."

The witness John Bentley first testified concerning his qualifications in the reconstruction of motor vehicle accidents, generally as he did in the case of Kettle v. Smircich, 415 S.W.2d 935 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.). See also McIlroy v. Wagley, 437 S.W.2d 5 (Tex. Civ.App., Corpus Christi, 1968, wr. ref. n. r. e.); Charles T. Picton Lumber Company v. Redden, 452 S.W.2d 713 (Tex.Civ.App., Corpus Christi, 1970, wr. ref. n. r. e.). Bentley was the only witness for the defendant. Prior to his testimony the plain-

tiffs had called as witnesses Mrs. Susanna Morales and Henry Lugo, the only eyewitnesses to the accident who testified. Plaintiffs had also called Larry Sherwood, the investigating police officer, who went to the scene of the accident shortly after its occurrence. Among other things, Sherwood drew diagrams on a blackboard, testified as to the point of impact between the two cars, illustrated how the two cars came together, testified that various photographs correctly reflected the scene of the collision as he observed it at the time of his investigation, identified the skid marks behind the Morales' car on the photographs, placed a red dot on one of the photographs showing the point of impact between the cars, and placed an arrow on a photograph indicating the path of the Morales' car after impact, particularly showing that it veered off to its right, southeasterly to the curb. Several photographs taken shortly after the collision were in evidence showing the scene of the accident. The locations and paths of the cars involved in the collision were testified to by Mrs. Morales and Henry Lugo. Sherwood, the investigating officer talked to both Lugo and Mrs. Morales shortly after the accident and testified to such conversations on the trial of the case. Sherwood was the first witness called by the plaintiffs. The subsequent testimony of Mrs. Morales and Henry Lugo was in general agreement with the testimony of Sherwood as to the physical facts, particularly concerning the paths and locations of the cars up to the point of impact.

Bentley testified that he had studied the photographs showing the scene of the accident and had visited the scene, comparing it with the pictures, and making measurements. He later testified concerning the methods by which he used calculations and formulas to compute speeds and actions of the vehicles and expressed a number of opinions involving reconstruction of the accident. He prepared the plat, Defendant's Exhibit 29, on a scale of one inch to ten feet in order to illustrate such opinions. When the plat was offered into evidence, the following occurred:

"MR. HUNT: We will offer it in evidence as Defendant's Exhibit 29.

MR. MADDIN: I have an objection to the plat. This plat contains, in addition to the physical features on the ground out there, markings, pictures of vehicles, numbered vehicles, and other matters which involve the opinions apparently, assuming they would involve opinions of this witness, and therefore cannot be said to represent an accurate portrayal of the particular accident. What he did is merely depict illustrations of his opinion, and to that extent we object to the introduction of the plat.

MR. HUNT: We will explain that.

THE COURT: I will overrule the objection."

Thereafter Bentley testified at length as to what was shown on the plat and the manner in which he arrived at his conclusions and opinions. He was rigorously cross-examined. Bentley testified orally to everything that was shown on the plat and to other matters not shown thereon.

Appellants do not complain of the plat in so far as it is a scale drawing showing actual physical features or facts relating to the area surrounding the scene of the collision. Aside from the fact that Defendant's Exhibit 29 was a scale plat or drawing, many of the physical facts, such as the street, buildings, parking areas and other matters shown on it, were already shown by the photographs and testimony admitted without objection. Bentley indicated on the scale plat the relative locations of the Morales and Lugo vehicles by drawing blocks and writing pencil numbers of 1, 2, 3 and 4 thereon for each car as it approached the point of impact. He also drew block diagrams indicating the places

where the two vehicles came to rest after the impact along with lines indicating the paths of the two cars between impact and the points where they stopped. The locations of the cars at impact were shown by the number 1 in each instance. As to the Morales' car farther away from the point of impact and as it approached the same, at location 2, the pencil notations ".936 sec." and "48′" appear; at location 3 the pencil notations "1.686 sec." and "93.8′" appear; between locations 2 and 3 the pencil notation "45.8′" appears. To the east of the point of impact another pencil notation of "R60′" appears, which relates to a distance between a point in the path of the Lugo car before impact and a point inside and south of the curb line of Morgan Street. There are a few other pencil marks and one red crayon block (roughly drawn) on the plat. An understanding by the jury of the various drawings and notations on the plat largely depended on explanation of them by oral testimony.

■ The plat, Defendant's Exhibit 29, was undoubtedly admissible in so far as it showed the area surrounding the collision in question. The only objections made to it by appellants are those hereinbefore set out. Counsel for appellee promised to explain the matters shown on the plat in view of the objection, and Bentley thereafter testified extensively concerning the same on direct and cross-examination. It may well be that on further proper objection by appellants that the trial court could have limited the jury's consideration of portions of the plat or ordered parts of it deleted, excised or covered. In the absence of a request that the evidence be considered by the jury in its proper connection only, a party may not complain that the jury considered it for other purposes. See Walker v. Brown, 66 Tex. 556, 1 S.W. 797 (1886); Brown & Root v. Haddad, 142 Tex. 624, 180 S.W.2d 339 (1944); Hogan v. Cunningham, 278 S.W. 2d 265 (Tex.Civ.App., Amarillo, 1954, n. w. h.); Neff v. Johnson, 391 S.W.2d 760

(Tex.Civ.App., Houston, 1st, 1965, n. w. h.); 23 Tex.Jur.2d, Evidence, Sec. 122, pp. 174–175; McCormick & Ray, Texas Law of Evidence, 2d Ed., Sec. 25, p. 25. Under the conditions shown here we do not believe that the trial court erred in admitting the plat prepared by Bentley into evidence. The admission or exclusion of evidence of this kind generally lies within the discretion of the trial judge. See Champlin Oil & Refining Company v. Chastain, 403 S.W.2d 376, 389 (Tex.Sup.1965); Mesa Trucking Company v. King, 376 S. W.2d 863 (Tex.Civ.App., Amarillo, 1964, wr. ref. n. r. e.); Hernandez v. H. S. Anderson Trucking Co., 370 S.W.2d 909 (Tex.Civ.App., Beaumont, 1963, wr. ref. n. r. e.); Bolstad v. Egleson, 326 S.W.2d 506 (Tex.Civ.App., Houston 1st, 1959, wr. ref. n. r. e.); Phoenix Refining Co. v. Powell, 251 S.W.2d 892 (Tex.Civ.App., San Antonio, 1952, wr. ref. n. r. e.); Jackson-Strickland Transp. Co., Inc. v. Seyler, 123 S.W.2d 928 (Tex.Civ.App., Ft. Worth, 1939, dism. agr.).

However, if error was committed in admitting the plat it appears that the same was cumulative of other evidence. Appellants' point one in part expressly recognizes that the plat "merely represents the opinion and conclusions of the witness, Bentley, is merely cumulative of his testimony and merely serves to illustrate his testimony." In this situation, the error, if any, in admitting the plat is not shown to be harmful to appellants. See Whitener v. Traders and General Ins. Co., 155 Tex. 461, 289 S.W.2d 233 (1956); Brister v. Lasiter, 444 S.W.2d 331 (Tex.Civ.App., El Paso, 1969, wr. ref. n. r. e.); Beynon v. Cutberth, 390 S.W.2d 352, 356 (Tex.Civ. App., Eastland, 1965, n. w. h.); Rule 434, Texas Rules of Civil Procedure. Appellants' point one is overruled.

■ We now consider appellants' points two, three, four and five which assert that the evidence is legally and factually insufficient to support the jury findings on spe-

cial issues six and eight, relating to excessive speed and failure to keep a proper lookout on the part of Mrs. Morales. Aside from the testimony of Bentley, there was other evidence relating to those issues which authorized the jury to find as it did. The photographs and the testimony relating to such issues of speed and lookout reflected that the Morales' vehicle left skid marks of from 40–48 feet prior to the impact and that the Morales' car struck the heavier Lugo vehicle on its right hand side with sufficient force to turn the latter almost completely around, damaging both vehicles. After impact the Morales' vehicle still had sufficient momentum to veer to its right and jump a curb. Although Lugo testified he had turned on the left signal light of his car, Mrs. Morales testified she did not see it. At the trial, Mrs. Morales said that she saw the Lugo vehicle turn across the center line of Morgan Street, but she had earlier, on a deposition, testified to the contrary. The testimony of Mrs. Morales along with other evidence which could have been accepted by the jury tended to show that if she had been keeping a proper lookout she would have observed and perceived at an earlier time that the Lugo vehicle was about to make a left turn across Morgan Street. The testimony of Bentley tended to support other evidence relating to the improper lookout of Mrs. Morales and the excessive speed of her car; but his testimony, particularly his opinions, could have been accepted or rejected in whole or in part by the jury. McIlroy v. Wagley, supra.

The evidence was legally and factually sufficient to support the jury findings on special issues six and eight under well established rules. See Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952). Appellants' points two through five are overruled.

The judgment of the trial court is affirmed.