**Opinion issued June 27, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00315-CV

———————————

## LUXURKEY MANAGEMENT LLC, Appellant

## V.

## ELENI ANTONELLOS FULLER AND MARIA ANTONELLOS BASSA, Appellees

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-52683**

---

## MEMORANDUM OPINION

The trial court granted sisters Eleni Antonellos Fuller and Maria Antonellos Bassa summary judgment to remove a mechanic's and materialman's lien placed on their real property by Luxurkey Management LLC after Luxurkey paid, without knowledge or consent of Fuller or Bassa, delinquent property taxes. The trial court

declared, as a matter of law, that Luxurkey's lien was invalid and that Fuller should recover damages under the Fraudulent Lien Act. *See* TEX. CIV. PRAC. & REM. CODE § 12.002. On appeal, Luxurkey does not challenge either of these rulings; instead, it contends the summary judgment must be set aside because the trial court erred in its disposition of Luxurkey's counterclaim for quantum meruit and affirmative defense of offset and reimbursement. We affirm.

## Background

Eleni Antonellos Fuller and her sister, Maria Antonellos Bassa, own real property in Houston, Texas. The property has been in the family for more than 50 years and is Bassa's homestead. The family fell behind on the property taxes for tax years 2014 to 2016 and owed $78,077.70 in delinquent taxes.

Without the knowledge or consent of either Fuller or Bassa, Luxurkey Management LLC made a payment through the county tax assessor's website to cure the delinquency. Seven days later, Luxurkey demanded in writing that Fuller reimburse the company for $104,074.62, which Luxurkey alleged included amounts for property taxes, a 25% redemption fee, and attorney's fees. Fuller did not respond, and Luxurkey mailed another demand letter. The second demand letter stated that it was "formal notice of [Luxurkey's] intent to file a mechanic's and materialman's lien against the real property and improvements." Luxurkey subsequently filed an "Affidavit of Luxurkey Management LLC Claiming a Mechanic's and

2

Materialman's Lien" in the county real property records. Luxurkey filed the lien on the property to "secure payment" for $104,074.62.

Fuller then filed a lawsuit seeking a declaration that Luxurkey's lien was null and void because it violated a certain provision of the Property Code as well as the Fraudulent Lien Act. Luxurkey answered and asserted counterclaims against both Fuller and Bassa to foreclose the lien or, alternatively, to recover under the doctrine of quantum meruit.

After an adequate time for discovery had passed, Fuller moved for a traditional summary judgment on the argument that the evidence conclusively established the elements of her claims and conclusively negated at least one element of Luxurkey's counterclaims and (2) a no-evidence summary judgment on Luxurkey's counterclaims. The trial court granted these motions, declared that the lien was invalid, awarded Fuller $10,000 under the Fraudulent Lien Act (as well as costs and attorney's fees), and dismissed Luxurkey's counterclaims. The summary-judgment order states that it "is final, disposes of all claims and all parties, and is appealable."

## Analysis

Luxurkey argues the summary judgment must be set aside because the trial court "ignored" Luxurkey's quantum meruit counterclaim and failed to offset the

damages awarded to Fuller by the amount of the lien. We address each of these arguments in turn.

**A.      Summary judgments are reviewed de novo**

Luxurkey argues the summary judgment must be set aside as an abuse of the trial court's discretion. We, however, review a trial court's summary-judgment order de novo. *See City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 258 (Tex. 2018); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

To prevail on a traditional motion for summary judgment, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Oncor Elec.*, 539 S.W.3d at 258–59; *KPMG Peat Markwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). In deciding whether there is a disputed material fact issue precluding summary judgment, we take the evidence favorable to the nonmovant as true. *Nixon v. Mr. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.*

A trial court must grant a no-evidence motion for summary judgment if the movant identifies at least one element of a claim or defense for which the nonmovant would have the burden of proof at trial and the nonmovant produces no more than a scintilla of evidence to raise a material fact question as to the challenged element.

4

*See* TEX. R. CIV. P. 166a(i); *Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 67 (Tex. App.—Houston [1st Dist.] 2009, no pet.). More than a scintilla of evidence exists when the evidence presented would allow reasonable and fair-minded people to differ in their conclusions. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 124 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (citing *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)).

In general, a plaintiff moving for summary judgment is under no obligation to negate a defendant's pleaded affirmative defenses. *Id.* An affirmative defense precludes summary judgment only if each element of the affirmative defense is supported by summary judgment evidence. *Woodside v. Woodside*, 154 S.W.3d 688, 691–92 (Tex. App.—El Paso 2004, no pet.). Thus, to stave off a summary judgment based on an affirmative defense, the nonmovant must raise a fact issue as to each element of the defense. *See "Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex. 1972); *Mulvey v. U.S. Bank Nat'l Assoc.*, 570 S.W.3d 355, 359 (Tex. App.—El Paso 2018, no pet.) ("[A]n affirmative defense only prevents the granting of summary judgment if each element of the affirmative defense is supported by summary judgment evidence."); *Tesoro Petroleum Corp.*, 106 S.W.3d at 124 (explaining that party raising affirmative defense in opposition to summary-judgment motion "must either (1) present a disputed fact issue on the opposing party's failure to satisfy his own burden of proof or (2) establish at least

the existence of a fact issue on each element of his affirmative defense by summary judgment proof").

With these principles in mind, we review de novo the summary judgment.

**B.     The trial court did not err in dismissing Luxurkey's counterclaim**

Luxurkey argues that the summary judgment must be set aside because the trial court "ignored" Luxurkey's quantum meruit counterclaim in rendering a judgment stating that it "is final, disposes of all claims and parties, and is appealable." The record does not support Luxurkey's argument.

Fuller moved for summary judgment on Luxurkey's quantum meruit counterclaim on both traditional and no-evidence grounds. Luxurkey expressly defended its quantum meruit counterclaim in its summary-judgment response. And the trial court disposed of the quantum meruit counterclaim in its summary-judgment order, stating that Fuller "is granted summary judgment on Defendant's claims seeking to foreclose its lien and for quantum meruit alleged in its Original Answer" and that "those claims are hereby dismissed." Thus, Luxurkey's assertion that its counterclaim was never resolved in the summary-judgment proceedings lacks merit.

To the extent Luxurkey argues that its quantum meruit counterclaim should have survived dismissal, that argument also is unsupported by the record. Quantum meruit is an equitable theory of recovery intended to prevent unjust enrichment. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005). The law implies

a promise to pay for materials furnished or services rendered that are knowingly accepted. *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990); *De Leon v. Saldana*, 745 S.W.2d 55, 57 (Tex. App.—San Antonio 1987, writ denied). However, if the recipient is unaware of the work or services being performed at the time of performance, there is no basis for a recovery in quantum meruit. *See De Leon*, 745 S.W.2d at 57; *Skyline Commercial, Inc. v. ISC Acquisition Corp.*, No. 05-17-00028-CV, 2018 WL 4039863, at *6 (Tex. App.—Dallas Aug. 23, 2018, pet. denied) (mem. op.). To recover, a claimant thus must prove (1) it provided valuable services or materials, (2) to the party sought to be charged, (3) which were accepted, used, and enjoyed by that party, (4) under such circumstances as reasonably notified the party that the claimant, in performing, expected to be paid by the party. *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

Fuller and Bassa argue there is no evidence that they knowingly accepted Luxurkey's property tax payment or knew when Luxurkey paid the property taxes that Luxurkey expected to be reimbursed. We agree. Luxurkey presented evidence that (1) the property taxes were delinquent; (2) a payment to cure the delinquency was made on May 11, 2017; (3) Luxurkey demanded repayment from Fuller in writing on May 18, 2017, and on July 11, 2017; and (4) Luxurkey filed its affidavit "Claiming Mechanic's and Materialman's Lien" in the Harris County Real Property

Records on July 12, 2017. None of this is evidence that Fuller or Bassa knew Luxurkey was paying the delinquent property taxes or consented to that payment *at the time* of payment; it is, at most, evidence of Luxurkey's effort to obtain reimbursement from Fuller *after the fact*. *See Heldenfels*, 832 S.W.2d at 40–41 (rejecting subcontractor's quantum meruit claim against City based on absence of evidence that City knew subcontractor anticipated payment from City before delivering construction materials). Consequently, the trial court's summary dismissal of Luxurkey's quantum meruit counterclaim was not erroneous.

## C. Luxurkey waived its argument that summary judgment was precluded by an affirmative defense

Luxurkey also argues that the summary judgment must be set aside because the trial court "ignored" Luxurkey's affirmative defense by failing to offset the damages awarded to Fuller by the amount of the lien. Even assuming offset is available as an affirmative defense, Luxurkey did not raise it in response to Fuller and Bassa's summary-judgment motion. Instead, Luxurkey only argued that Fuller had not conclusively established the elements of her claims. To defeat summary judgment by raising an affirmative defense. Luxurkey was required to present argument and evidence raising that defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). It was not enough to simply plead the affirmative defense. *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994); *Lunsford Consulting Grp., Inc. v. Crescent Real Estate Funding VIII, L.P.*, 77 S.W.3d 473, 475–76 (Tex.

App.—Houston [1st Dist.] 2002, no pet.). Luxurkey was required to produce summary-judgment evidence in support of its affirmative defense. *Brownlee*, 665 S.w.2d at 112. Because Luxurkey did not, its affirmative-defense argument is waived. *Id*.

## Conclusion

Having rejected each of Luxurkey's arguments for setting aside the trial court's summary judgment, we affirm.


Sarah Beth Landau
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.